IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY BRUGGEMAN,<br><br>                              Plaintiff,<br><br>          vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of<br>Social Security,<br><br>                              Defendant. | **8:21CV304**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Jeremy Bruggeman's motion for attorney fees pursuant to 42 U.S.C. § 406(b). Filing No. 26. The Plaintiff requests attorney fees under 42 U.S.C. § 406(b) in the amount of $912.36, equating to less than twenty-five percent (25%) of the of the Plaintiff's total past due benefits. *Id.* The Plaintiff also requests $6,000.00 under 42 U.S.C. § 406(a). *Id.* The Acting Commissioner of Social Security ("Commissioner") does not object to awarding attorney fees under § 406(b) and concurs that the amount requested is less than 25% of Plaintiff's total past-due benefits. Filing No. 27. All that remains is for this Court to independently determine if the plaintiff is entitled to attorney fees under this statute, and if the award is reasonable.

I.      BACKGROUND

This is an action to recover attorney fees for representing Plaintiff, Jeremy Bruggeman, alleging entitlement to Social Security benefits under 42 U.S.C. § 406(b). Mr. Bruggeman filed an application for Social Security Disability and Social Security income benefits on September 12, 2019, alleging disability beginning August 31, 2019. Filing No. 24 at 1. The Administrative Law Judge originally denied Mr. Bruggeman's application, a denial which was finalized by the Commissioner. Filing No. 24 at 2; Filing No. 1. Mr. Bruggeman then appealed his denial to this Court. Filing No. 24 at 1. Mr.

Bruggeman's claim was reversed and remanded to the Social Security Administration for an immediate award of benefits. Filing No. 24 at 27.

Plaintiff entered into a fee agreement with his attorneys, Wes Kappelman and Kimberly Schram (hereinafter referred to jointly as "Counsel"), in July of 2021. Filing No. 26 at 1. This fee agreement specified a contingency fee of 25% of back benefits awarded to Mr. Bruggeman and his dependents. Filing No. 26 at 1. The fee agreement outlined that if Mr. Bruggeman's appeal was successful, Mr. Kappleman would file an application for payment of attorneys' fees from Mr. Bruggeman's award of benefits. Filing No. 26-1 at 1. The attorneys' fees would be pursued first under the Equal Access to Justice Act ("EAJA") and, if successful, then under 42 U.S.C. § 406(b). Filing No. 26-1 at 1. However, Counsel did not timely file a motion for attorney fees under the EAJA, and thus no EAJA fee was awarded. Filing No. 26 at 3.

On November 15, 2022, the Social Security Administration issued a notice letter concerning past due benefits for Mr. Bruggeman explaining that $9,815.00, or 25% of past due benefits, should have been withheld for attorney fees calculation. Filing No. 26-2 at 3. Additionally, $513.00, or 25% of past due benefits, was properly withheld from benefits that each of Mr. Bruggeman's two children received, Filing No. 26-3, resulting in a total amount of withheld, or supposed to have been withheld, benefits to pay the representative(s) of $10,841.00 ($9,815.00 + $513.00 + $513.00 = $10,841.00).

The attorney fees requested by Ms. Schram under 42 U.S.C. § 406(a) totals $6,000.00. Filing No. 26 at 2. Counsel claims that $3,928.64 would have been sought under EAJA had the motion been filed timely and subtracts that amount from the $10,841.00 amount that was supposed to have been withheld. *Id.* The attorneys' fees

requested by Counsel under §406(b) totals $912.36, based on Counsels' accounting, equals the remainder of the $10,841.00 the agency was supposed to have withheld ($10,841.00 - $6,000 - $3,928.64 = $912.36).  Filing No. 26 at 1.

II.    LAW

The Social Security Act authorizes a federal district court to award attorney's fees for representation before the court under 42 U.S.C. § 406(b).  Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotations omitted).  Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807.  However, a contingency fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable.  *See id.*; 42 U.S.C. § 406(b)(1)(A); see also *Culbertson v. Berryhill*, 202 L. Ed. 2d 469 (Jan. 8, 2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).  If the contingency fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered.  *Gisbrecht*, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable.  *Id.*  Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807–08; *see Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017).  A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved.  *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case.  *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate").  Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted.  *Gisbrecht*, 535 U.S. at 796.  "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded."  *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the client the difference between

4

the combined awards and courts determination of a reasonable attorney fee which is limited to 25% of the past-due benefits. *Id.*

III.    DISCUSSION

Ms. Schram is seeking $6,000.00 under § 406(a), and Counsel requests $912.36 under § 406(b). Filing No. 26 at 2. The Court conducted an independent review of the fee arrangement. Based on the most favorable outcome for Mr. Bruggeman and the character of the representation, the Court finds that the fee of $912.36 requested by Counsel under § 406(b) is reasonable, as is Ms. Scharm's requested amount of $6,000.00 under § 406(a).

Pursuant to the Court's statutory duty to award appropriate fees under § 406(b), the Court will also consider the existing contingency-fee agreement. *Gisbrecht*, 535 U.S. at 807; Filing No. 26-1. The contingency-fee agreement does not request fees in excess of 25% of Mr. Bruggeman's recovered benefits. The signed contingency-fee agreement is at or below the contingency fee boundary and is thus reasonable.

The next question is whether the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807. This request reasonably applies the relevant provisions of § 406(a) and (b) by first limiting recovery to Congress's boundary line of 25% of the past-due benefits; then, to afford § 406(b) recovery, by reducing fees under § 406(a) to pay fees under § 406(b). *Id.* Moreover, both attorneys spent a reasonable amount of time on Mr. Bruggeman's case and, in light of their expertise in social security matters, the fees sought are reasonable.

The Court considers the hourly rate and the number of hours to ensure the attorneys are not receiving a "windfall" in fees compared to the number of hours worked.

5

*See Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989). Here, the attorneys jointly provided 17.5 hours in total at a "hypothetical hourly rate" at approximately $52.13 per hour if the "credit" to Mr. Bruggeman's non-filed EAJA is considered. Filing No. 26 at 2. Alternatively, the hourly rate would be $276.63 per hour. *Id.* Plaintiff attached an itemization of time with the filing. Filing No. 26-4. Therein, the attorneys account for the hours each spent working on Mr. Bruggeman's case and their respective hourly rates. *Id.* In 2021, Mr. Kappelman expended 8.7 hours at a billable rate of $217.54 per hour. In 2022, he billed 6.2 hours at the rate of $234.21. *Id.* Ms. Schram performed 1.5 hours in 2021 and 1.1 hours in 2022 for the same rates as Mr. Kappelman. *Id.* Based on the accounted-for hours and the hypothetical hourly rate, the Court is confident that the fees each attorney have requested are in keeping with the number of hours expended on behalf of Mr. Bruggeman's appeal and neither attorney would receive a windfall in fees.

Finally, there are no indications that the attorneys' performance merits downward adjustment for delay or filing boilerplate or ineffective assistance. Thus, the Court finds the request reasonable and grants plaintiff's motion for attorneys' fees under § 406(b).

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b), Filing No. 26, is granted.

2. Counsel is awarded $912.36 under 42 U.S.C. § 406(b)(1). The Social Security Administration is ordered to send the award of $912.36 to Attorney Schram who will then disperse the appropriate amount to Attorney Kappelman.

3. Attorney Schram is awarded $6,000.00 to disperse the appropriate amount to Attorney Kappelman under 42 U.S.C. § 406(a).

4. A judgment in accordance with this Memorandum and Order will issue on this date.

Dated this 21st day of February 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge